IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Merry Gentleman, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 2690 |
| v. | ) | |
| | ) | Judge Feinerman |
| George and Leona Productions, Inc., | ) | |
| and Michael Keaton, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF COUNTERDEFENDANT MERRY GENTLEMAN, LLC
TO DEFENDANTS' AMENDED COUNTERCLAIM**

Plaintiff-counterdefendant Merry Gentleman, LLC, by counsel, hereby answers the amended counterclaim of defendants/counterclaimants GLP and Keaton:

1. Admit that jurisdiction is proper in this Court.

2. Admit that venue is proper in this Court.

3. Admit that GLP is a corporation organized under the laws of California with its principal place of business in California.

4. Admit, on information and belief, that Keaton is a citizen of the State of Montana.

5. Admit that MG is a limited liability company organized under the laws of the State of Illinois and with its principal place of business in Illinois.

6. Admit that Duggan resides in Illinois.

7. Admit that Bastounes resides in Illinois.

8. Admit that GLP and MG are parties to the referenced Directing Agreement.

9. Admit that the counterclaim quotes a portion of Paragraph 4.2 of the Directing Agreement.

10. Admit that the counterclaim quotes a portion of Paragraph 4.4 of the Directing Agreement.

11. Deny that Keaton is a third-party beneficiary.

12. Admit that the counterclaim quotes section 7-501 of the DGA Basic Agreement (2008).

13. Admit that the counterclaim quotes section 7-504 of the DGA Basic Agreement (2008).

14. Deny that MG contravened the Directing Agreement or the DGA Basic Agreement, and deny that MG "cut behind" Keaton in preparing the Chicago Cut, as the Chicago Cut was initiated only after Keaton submitted his own cut.

15. Deny that Zurek or anyone began preparing a "cut" before Keaton's cut was submitted and screened.

16. Deny that any delays in delivering Keaton's cut were not attributable to Keaton, and deny that MG breached the Directing Agreement.

17. MG denies that any of the acts alleged occurred in July 2007, and deny any contravention of the Directing Agreement.

18. MG denies that Bastounes and/or Duggan induced any breach, that there was any breach by MG, or that Bastounes and/or Duggan took steps with regard to the project based on personal goals or desires of Duggan rather than the benefit of MG.

19. MG denies that Bastounes and/or Duggan induced any breach by MG, or that there was any breach by MG, and deny that any of their actions were contrary to the interests of MG.

20. Admit that MG distributed the Chicago Cut to officials at the Sundance Film Festival. MG denies that Duggan and Bastounes directed Creative Artists Agency, on behalf of MG, to send copies of the Chicago cut to potential buyers and distributors.

21. MG incorporates by reference its responses to paragraphs 1-20.

22. MG denies that counterclaimants have performed all conditions, covenants and promises required on their part with respect to the Directing Agreement.

23. MG denies that it breached the Directing Agreement in any way.

24. MG denies any breach, and denies that counterclaimants have sustained any damage.

WHEREFORE, MG prays for judgment in its favor, and against counterclaimants.

## AFFIRMATIVE DEFENSES

1. Counterclaimants and MG entered into a Settlement and Release as described in paragraph 42 of the Complaint, and attached as Exhibit D thereto. While MG maintains that the Settlement and Release is invalid for the reasons set forth in the

Complaint, in the event it is ultimately determined to be valid, it serves as a complete release of the counterclaim.

2. Counterclaimants are estopped from seeking relief based on the Chicago Cut being prepared, because they agreed that Keaton be given another opportunity to produce a satisfactory cut of the movie while MG proceeded with its own cut, and MG did not begin its own cut until after that agreement was reached.

3. Counterclaimants waived any right they might have otherwise had to preclude MG from preparing the Chicago Cut, because they agreed that Keaton be given another opportunity to produce a satisfactory cut of the movie while MG proceeded with its own cut, and MG did not begin its own cut until after that agreement was reached.

Respectfully submitted,

s/ Matthew D. Tanner
Counsel for plaintiff-counterdefendant

Matthew D. Tanner (ARDC 6202508)
Richard H. Lehman
TANNER & LEHMAN LLC
53 West Jackson Boulevard, Suite 400
Chicago, Illinois 60604
312.588.1970

CERTIFICATE OF SERVICE

Matthew D. Tanner, an attorney, hereby certifies that he caused a copy of this Answer to the counterclaim to be served upon all counsel of record via the court's electronic docketing system on December 20, 2013.

s/ Matthew D. Tanner