UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERRY GENTLEMAN, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | 13 C 2690 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| GEORGE AND LEONA PRODUCTIONS, INC., and | ) | |
| MICHAEL KEATON, | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs/ | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAUL DUGGAN, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Merry Gentleman, LLC, brought this suit against Michael Keaton and his loan-out

company, George and Leona Productions, Inc. (together, "Keaton"), alleging breach of the

parties' contract for directing services for *The Merry Gentleman*, a motion picture released in

2009. Doc. 1. The court denied Keaton's motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). Docs. 21-22 (reported at 2013 WL 4105578 (N.D. Ill. Aug. 14, 2013)).

Keaton then answered, counterclaimed against Merry Gentleman for breach of contract, and

asserted third-party claims for tortious interference with contract against Paul Duggan, Tom

Bastounes, and Ron Lazzeretti, who were alleged to have been involved in various ways with

Merry Gentleman's alleged wrongs. Doc. 24. About three months later, Keaton filed amended

counterclaims and third-party claims that dropped Lazzeretti as a third-party defendant. Doc. 46.

And about a month after that, Keaton voluntarily dismissed his third-party claim against

Bastounes, leaving Duggan the sole remaining third-party defendant.  Docs. 52-53.  Now before

the court is Keaton's motion under Rules 41(a)(2) and 41(b) to dismiss Merry Gentleman's suit

on the ground that Bastounes, whom Keaton believes to be Merry Gentleman's Manager, did not

authorize Merry Gentleman to bring and maintain this suit.  Doc. 55.  The motion is denied.

## Background

The factual background of this case is recounted in the opinion denying Keaton's first

motion to dismiss.  2013 WL 4105578, at *1-2.  (As required on a Rule 12(b)(6) motion, the

court accepted the complaint's allegations as true; in so doing, the court was not vouching for

their accuracy.  *See Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 906 (7th Cir. 2012)

(opinion of Wood, J.); *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384

(7th Cir. 2010).)  What follows are the facts necessary to resolve Keaton's Rule 41 motion.  In

deciding that motion, the court must review the entire case "in light of its particular facts and

procedural history."  *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 425 (7th Cir. 1998).

Merry Gentleman is an Illinois limited liability company with five members, the two

relevant ones being Duggan, through his personal trust, and Bastounes, through an entity called

"Home Court" that he wholly owns and controls.  Doc. 55-2 at 5-6.  Duggan owns a 40 percent

stake in Merry Gentleman, while Bastounes owns roughly 3 percent.  *Ibid.*  In 2005 or 2006,

Merry Gentleman appointed South Water Pictures, LLC, as its Manager.  Doc. 55-1 at 2, 8.

Keaton contends that South Water is Bastounes's "alter ego" or "d/b/a" and that South Water,

having neither been removed for cause nor consented to removal, remains Merry Gentleman's

sole Manager.  Doc. 55 at 4; Doc. 62 at 11; *see also* Doc. 55-1 at 40 (§ 5.03), 48 (§ 9.02(a)).

And Keaton argues that because Bastounes opposed the filing of Merry Gentleman's suit and

wishes the suit dismissed, Doc. 55-1 at 5 (¶¶ 15-18), the suit should be dismissed.  Doc. 55 at 10.

Merry Gentleman responds that Bastounes authorized this suit; that in fact Duggan owned a majority stake in South Water; and that Duggan dissolved South Water and, through his investment firm, Jackson Boulevard Partners, LP, took over as Manager of Merry Gentleman following Merry Gentleman's default on a loan.  Doc. 58 at 4-5 & n.2; *see also* Doc. 55-1 at 23 (§ 2.03(k)); Doc. 58-1 at 19.  Merry Gentleman supports its factual submissions with, among other things, a declaration from its attorney averring that Bastounes supported the filing of this suit and worked with the attorney on the suit through 2013, and a declaration from Duggan averring that he came to own a majority of and later liquidated South Water and that Jackson came to exercise lawful power of attorney over Merry Gentleman.  Doc. 58-1.

### Discussion

As noted above, Keaton urges dismissal only under Rules 41(a)(2) and 41(b).  Dismissal is inappropriate under either provision.

Rule 41(a)(2) states that "an action may be dismissed *at the plaintiff's request* only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2) (emphasis added).  Keaton acknowledges that he is not the plaintiff, but he argues that Rule 41(a)(2) "has been applied as well to a defendant's motion to dismiss an action."  Doc. 55 at 12.  That is true, but only if the plaintiff joins or consents to the defendant's motion, as in each case that Keaton cites.  *See Chapman v. Bernard's, Inc.*, 198 F.R.D. 575, 579 & n.1 (D. Mass. 2001); *Plasterer v. Hahn*, 103 F.R.D. 184, 185 (M.D. Pa. 1984); *Southern Elec. Generating Co. v. Allen Bradley Co.*, 30 F.R.D. 135, 135 (S.D.N.Y. 1962).  Merry Gentleman has done no such thing, and the court cannot find any case where the defendant won dismissal under Rule 41(a)(2) without the plaintiff's consent.  Keaton's motion is therefore denied to the extent it rests on Rule 41(a)(2).  This holding is without prejudice to Merry Gentleman, at the instance of Bastounes—who would

have to establish that he truly is the Manager of Merry Gentleman and thus is entitled to direct its litigation activities—seeking dismissal under Rule 41(a)(2) or joining a stipulation of dismissal under Rule 41(a)(1)(A)(ii).

Unlike Rule 41(a)(2), Rule 41(b) "is solely a defendant's remedy." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2369, p. 577 (3d ed. 2008). Rule 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Keaton does not contend that Merry Gentleman has failed to prosecute this suit or to comply with a court order, but he does argue that Duggan and Merry Gentleman have violated "these rules"—that is, the Federal Rules of Civil Procedure. A dismissal under Rule 41(b) "for failure to comply with 'these rules' … is an amorphous ground that, if read literally, would allow dismissal for the most trivial noncompliance." Wright & Miller, *supra*, § 2369, pp. 578-79. And so the Seventh Circuit has cautioned that a district court should invoke Rule 41(b) "sparingly and should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Salata v. Weyerhaeuser Co.*, __ F.3d __, 2014 WL 3045772, at *3 (7th Cir. July 7, 2014) (quoting *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir.1983)).

Rule 17(b)(2) is the rule that Keaton says that Duggan violated. Doc. 55 at 13-14. Rule 17(b)(2) states that the "[c]apacity to sue or be sued is determined … for *a corporation*, by the law under which it was organized." Fed. R. Civ. P. 17(b)(2) (emphasis added). The initial problem with Keaton's argument is that Merry Gentleman is a limited liability company, not a corporation. The Seventh Circuit has repeatedly distinguished corporations from limited liability companies, making clear that they are different types of entities. *See Fellowes, Inc. v.*

*Changzhou Xinrui Fellowes Office Equipment Co.*, __ F.3d __, 2014 WL 3583082, at *2 (7th Cir. July 22, 2014); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). It follows that the capacity of a limited liability company to bring suit is not governed by Rule 17(b)(2). *See HWI Partners, LLC v. Choate, Hall & Stewart LLP*, 2013 WL 6493118, at *3 n.46 (D. Del. Dec. 11, 2013); *First Am. Mortg., Inc. v. First Home Builders of Fla., Inc.*, 2011 WL 4963924, at *12 (D. Colo. Oct. 14, 2011); *Powers ex rel. Nexes Grp., LLC v. Telrite Corp.*, 2010 WL 5092975, at *3 (S.D. Ind. Dec. 7, 2010). The capacity of a limited liability company to bring suit is governed by Rule 17(b)(3), which applies to "all other parties," Fed. R. Civ. P. 17(b)(3), meaning parties other than individuals (who are covered by Rule 17(b)(1)) and corporations (who are covered by Rule 17(b)(2)). *See Alpha Waste Sys., LLC v. Resource Reclamation Toledo, LLC*, 2014 WL 1788576, at *1 (N.D. Ohio May 5, 2014); *HWI Partners, LLC*, 2013 WL 6493118, at *3; *Shamblin v. Chesapeake Energy Corp.*, 2012 WL 1902580, at *3 (M.D. Pa. May 25, 2012) (citing cases); *First Am. Mortg., Inc.*, 2011 WL 4963924, at *12; *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 767 F. Supp. 2d 880, 892 (N.D. Ill. 2011). Keaton's brief does not mention Rule 17(b)(3).

Keaton's citation of the wrong subsection of Rule 17(b) ultimately is immaterial, as an alleged violation of Rule 17(b) does not come close to clearing the high bar required for a Rule 41(b) dismissal. Keaton does not cite and the court cannot find any case dismissed under Rule 41(b) for a violation of Rule 17(b). Moreover, Merry Gentleman, an Illinois limited liability company, *does* have the capacity to sue under Illinois law. *See* 805 ILCS 180/1-30(1) ("Each limited liability company organized and existing under this Act may … (1) sue and be sued, complain and defend, and participate in administrative or other proceedings, in its name."). Keaton does not cite any case holding that Rule 17(b) is violated when a limited liability

company brings suit without authorization from the individuals or entities entitled to make or withhold such authorization. So Keaton cannot predicate a Rule 41(b) dismissal on the alleged violation of Rule 17(b).

But even were Rule 41(b) an appropriate vehicle to pursue dismissal for a Rule 17(b) violation, and even if opposition by the true manager of a limited liability company to authorize the filing or maintenance of the company's suit resulted in a violation of Rule 17(b), Keaton still could not obtain dismissal under Rule 41(b), at least on the present record. There is no need to decide at this point whether Keaton is the right party to raise this issue. *See River Plaza Homeowner's Association v. Healey*, 904 N.E.2d 1102, 1112 (Ill. App. 2009) (holding that the defendant may challenge the plaintiff organization's right to sue him based on the organization's alleged violation of its own bylaws). Even if Keaton were the right party, dismissal still would be inappropriate because genuine factual disputes presented by the record preclude the court from holding on the papers that Bastounes is the only person capable of authorizing Merry Gentleman to maintain this suit. For example, Merry Gentleman asserts that Duggan's investment firm, Jackson, is now its Manager, Doc. 58 at 4; *see* Doc. 58-1 at 7, 18-19, while Keaton insists that South Water remains Manager, Doc. 55 at 8-9; *see* Doc. 55-1 at 3. Merry Gentleman says that that in any event Duggan was an equal if not majority owner of South Water, Doc. 58 at 5 n.2; *see* Doc. 58-1 at 8-9, while Keaton asserts that South Water is Bastounes's "d/b/a" or "alter ego," Doc. 55 at 4; Doc. 62 at 11; *see* Doc. 55-2 at 7. Merry Gentleman accuses Bastounes of lying and colluding with Keaton, Doc. 58 at 3 n.1; *see* Doc. 58-1 at 8-9, while Keaton retorts that Duggan has changed his story and therefore is untrustworthy, Doc. 62 at 4-5, 7-12; *see* Doc. 55-2 at 4-16. Each side marshals evidence to support its positions,

and the court cannot conclusively determine on the papers which side is right—or, at the very least, it cannot now conclude that Keaton, the movant, is right.[*]

It follows that this Rule 41(b) motion must be denied.  The court's holding is without prejudice to Keaton (assuming without deciding that he is the right party to press the issue) or Bastounes pursuing a different procedural vehicle to challenge the appropriateness of Merry Gentleman's bringing and maintaining this lawsuit.  Because the parties have not had an opportunity to address in writing what that vehicle might be, the court will not opine on the matter at this time.

**Conclusion**

For the foregoing reasons, Keaton's motion to dismiss under Rules 41(a)(2) and 41(b) is denied.

August 1, 2014

_____
United States District Judge

---

[*]  Keaton complains that some of Merry Gentleman's evidentiary materials were not produced in response to his document requests, and he asks that those materials be disregarded under Rule 37(c)(1).  Doc. 62 at 12-16.  Although Merry Gentleman's and Duggan's compliance with their discovery obligations appears to have been far from perfect, the materials in question are of unquestioned authenticity—letters to Bastounes, a power of attorney, the Illinois Secretary of State's LLC report for South Water, and South Water tax returns, Doc. 58-1 at 16-32—and the failure to produce them, at least at this stage of the case, was harmless within the meaning of Rule 37(c)(1).  That said, Merry Gentleman and Duggan should ensure that all documents concerning control of the company be produced, and Keaton may, if he chooses, depose Duggan regarding the newly produced documents.