IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Merry Gentleman, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 2690 |
| v. | ) | |
| | ) | Judge Feinerman |
| George and Leona Productions, Inc., | ) | |
| and Michael Keaton, | ) | |
| | ) | |
| Defendants. | ) | |

**PAUL DUGGAN'S MOTION FOR SUMMARY JUDGMENT**

Third-party defendant Paul Duggan, by counsel, hereby moves for summary judgment in accordance with Rule 56, Fed. R. Civ. P. In support of this motion, movant states as follows:

1. Defendants' amended third-party claim against Paul Duggan was filed on December 6, 2013 (Dkt. 46), superseding an earlier third–party claim that was first filed on September 18, 2013 (Dkt. 24).

2. The third-party claim alleges that Duggan induced Merry Gentleman, LLC, with whom George & Leona Productions, Inc. and Michael Keaton had a contract, to breach that contract by interfering with G&L's and Keaton's rights regarding cutting and screening of the motion picture. (Dkt. 46 ¶ 27.)[1]

---

[1] In his amended answer, Keaton now admits that he submitted the "first cut" of the film in or about early August 2007. (Cmplt., Dkt. 1, and Amended Answer, Dkt. 46, ¶ 24.)

3.  Third-party claimants' claims involve alleged acts and omissions dating back to June and July 2007. (Am. Counterclaim, Dkt. 46 ¶ 14-15, 17.)

4.  In October 2007, counsel for G&L and Keaton wrote to counsel for Merry Gentleman LLC, complaining about exactly these actions:

> We have reason to believe that Company [MG] has already breached these provisions. First, we understand that someone other than Artist was allowed to cut the Picture prior to delivery of Artist's first cut (a clear violation of the DGA Low Budget Basic Agreement). Second, even if Artist delivered his first cut, Company is required to allow Artist to make any additional cuts, and Company failed to ask him to do so. Third, these breaches are exacerbated by the fact that the Picture was shown to third parties prior to Artist's recruited screenings.

Rule 56.1 Stmt., ¶ 4.

5.  "The limitations period in Illinois to bring a claim of intentional interference with contract is five years. 735 ILCS 5/13–205. 'Tortious interference with contract is a contractual tort, for which the limitations period generally begins to run on the date of breach.' *Federal Signal Corp. v. Thorn Automated Sys., Inc.,* 693 N.E.2d 418, 421 (Ill.App.Ct.1998)." *Kirschenbaum v. Asta Healthcare Co.,* 12 C 9435, 2013 WL 5718436 (N.D. Ill. Oct. 21, 2013) (footnote omitted).[2]

---

[2] "A federal court hearing a case brought under diversity jurisdiction must apply the substantive law of the forum in which it sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Moser v. Universal Eng'g Corp.,* 11 F.3d 720, 724 n. 6 (7th Cir.1993). "'State law barring an action because of a statute of limitations is sufficiently "substantive," in the *Erie* sense, that a federal court in that state exercising diversity jurisdiction must respect it.' " *Id.* (citing *Kalmich v. Bruno,* 553 F.2d 549, 552 (7th Cir.), *cert. denied,* 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977) (citing in turn *Guaranty Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945)))." *Threshermen's Mut. Ins. Co. v. Wallingford Mut. Ins. Co.,* 26 F.3d 776, 780 (7th Cir. 1994).

6.      The alleged breaches occurred more than five years (indeed, more than six years) before the filing of the third-party claim. And even if, for the sake of argument, notice of the alleged breach was deemed relevant, the above-quoted letter indicates that third-party claimants, through their counsel, were well aware of the actions of which they now complain well over five years before this claim was filed.

7.      Accordingly, third-party defendant Duggan is entitled to the entry of summary judgment in his favor. *McWane, Inc. v. Crow Chicago Indus., Inc.*, 224 F.3d 582, 586 (7th Cir. 2000) (summary judgment appropriate where undisputed facts show that claim is time-barred).

Respectfully submitted,

 s/ Matthew D. Tanner
Counsel for Paul Duggan

Matthew D. Tanner (ARDC 6202508)
Roeser Bucheit & Graham LLC
Two North Riverside Plaza
Suite 1420
Chicago, IL 60606
312.300.2522

## CERTIFICATE OF SERVICE

Matthew D. Tanner, an attorney, hereby certifies that he caused this motion and the accompanying Local Rule 56 Statement of Facts upon all counsel of record via the court's electronic docketing system on September 8, 2014.

 s/ Matthew D. Tanner